# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **BRENT SHELTON** | § | |
| | § | |
| **V.** | § | **NO. 1:08-CV-403** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security** | § | |
| **Administration** | § | |

## MEMORANDUM OPINION OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be reversed, and that the matter be remanded for an award of disability income benefits commencing on August 9, 1988.

Defendant filed timely objections to the magistrate judge's Report and Recommendation. The court, therefore, conducts a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The court has conducted such review, and after careful consideration, concludes that the objections are without merit.

Defendant first objects that substantial evidence supports the administrative law judge's decision. This argument is not *ad rem*. The magistrate judge did not conclude that the Commissioner's decision lacked substantial evidence. Rather, the magistrate judge determined that the Commissioner's decision was tainted by a reversible legal error.

Defendant next objects that even if the Commissioner is bound by *res judicata* to find that the plaintiff is restricted to sedentary work, Medical-Vocational Guidelines (grid rule) 201.23

would direct a finding of not disabled for the period of time when Plaintiff was between thirty-six and 44 years of age, i.e. not until 1997. Plaintiff's principal impairment - borderline intellectual functioning only slightly above presumptive mental retardation – is a nonexertional impairment. Grid rules *never* direct findings of disability *vel non* when claimants have nonexertional impairments, especially when their *principal* impairments are nonexertional. 20 C.F.R. § 404.1569a(c)(2); see also Lawler v. Heckler, 761 F.2d 195, 198 (5th Cir. 1985); Dellolio v. Heckler, 705 F.2d 123, 127-28 (5th Cir. 1983).

Defendant's third objection challenges the magistrate judge's application of the legal doctrine of *res judicata* and reliance on *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir. 1987). While *Lively* does not bind district courts in the Fifth Circuit, it is persuasive. Further, decisions in the Sixth, Seventh, and Eighth Circuits, collectively cited in the magistrate judge's report, defendant's objections, and plaintiff's response consistently recognize that *res judicata* can be employed offensively by social security claimants.

Finally, the court fully embraces the magistrate judge's conclusion that this action easily fits within a distinct subset of cases wherein courts conclude that remands for additional fact-finding are unnecessary, would contravene fundamental justice, be grossly unfair or perpetuate a ridiculous or out-of-control administrative process. This case involves egregiously long delays in the administrative process, repeated administrative errors requiring multiple reversals and rehearings, and a claimant who actually is disabled. Further administrative proceedings would be grossly unfair and unconscionable. This is an instance in which the court must exercise its discretionary authority to remand for an immediate award to avoid a miscarriage of justice.

## ORDER

Accordingly, defendant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **30** day of **March, 2011.**

_____
Thad Heartfield
United States District Judge